# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41347

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2017

Lyle W. Cayce
Clerk

JEFFREY JONES,

>      Plaintiff - Appellant

v.

OFFICER ALEX SHIVERS, Individual and Official Capacity; CORPORAL NICK EMMONS, Individual and Official Capacity,

>      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CV-354

Before REAVLEY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

This is a qualified immunity case. While executing an arrest warrant, the defendant, Officer Alex Shivers, was posted at the rear of the suspect's house. The plaintiff, Jeffrey Jones (a firefighter, bounty hunter, and licensed peace officer), believed himself to be assisting in the operation and thought that he was supposed to "watch the rear." While Shivers held his position, Jones came up from behind. Dressed in plain clothes, Jones entered the back

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

yard by stumbling over a fence, rising with a weapon in hand.  The weapon was a Taser, but Shivers did not know that.  And Shivers did not know that Jones was a friend; he perceived an armed man who had just crossed over a back yard fence to interfere with the execution of a warrant.  Reacting to Jones' unanticipated arrival, Shivers took a spill of his own, falling behind a doghouse.  Upon rising, Shivers shot Jones twice.

There is a factual dispute over whether Jones was aiming the Taser at Shivers, but not over whether the weapon was unholstered and in his hand.  A police officer does not have to permit a suspect to aim his weapon before answering the threat.  *See Salazar-Limon v. City of Houston*, 826 F.3d 272, 279 n.6 (5th Cir. 2016), as revised (June 16, 2016).  There is a factual dispute over whether the officer in charge at the scene had told Shivers about Jones being there or instructed Jones to assist by moving to the rear of the home, but there is no genuine dispute as to whether Shivers was expecting Jones to help him guard the backyard.  He was not.  While facts are viewed in the light most favorable to the nonmovant, we must consider "only the facts that were knowable to" Shivers.  *White v. Pauly*, 137 S.Ct. 548, 550 (2017). Finally, on these particular facts, Shivers' failure to issue a verbal warning prior to shooting is no bar to the grant of qualified immunity.  *Id.* at 551–52.

Ultimately, this case involves a highly unusual fact pattern—multiple miscommunications and mistakes of fact that led to a friendly-fire incident.  Under the circumstance, whether or not the shooting represented a Fourth Amendment violation, Shivers is entitled to qualified immunity.  AFFIRMED.